**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br> **Plaintiffs** | |
| **Vs.** | **CRIM. NO. 19-121 (SCC)** |
| **Vladimir Natera Abreu (2),**<br>**Defendant** | |

**MOTION REQUESTING EXTENSION OF TIME OF 30 DAYS TO FILE
CHANGE OF PLEA**

**To the Honorable Silvia Carreño Coll
United States District Judge
For the District of Puerto Rico:**

    **Comes now**, Vladimir Natera Abreu through the undersigned attorney and respectfully states and prays:

    The undersigned attorney was able to have our first meeting in person with Mr. Natera Abreu today, Aug. 1, 2022.  We were unable to finish discussing the last discovery package, which was divulged after we visited Mr. Natera in Atlanta.

    Throughout the past 20 months, the undersigned has sent at least two reproductions of the discovery which have never been provided to Mr. Natera.

    Although today's meeting was productive, and we were able to cover much ground, we still have not finalized discussing the discovery.

    Mr. Natera arrived in late July but was held in the quarantine unit until today.  The undersigned was advised that he would be able to join general

population on Saturday July 31, 2022. Accordingly, the undersigned visited Mr. Natera on Sunday at 11am to try to advance much of the pending matters relating to discovery. We were told he was not available for legal visit.  Today we were informed that Mr. Natera will remain in isolation, and we can only see him by previous appointment and between the hours of 8am-1pm.  This is extremely cumbersome for me since my court hours will now be dedicated to visiting Mr. Natera at MDC.  Today for example we began our meeting at 11am, while he was brought down and other factors beyond our control.   Tomorrow, we have a scheduled hearing at 10:30am in case 20-244 (SCC), and only after that we will be able to see him.

We appreciate this court's interest in advancing this case and either holding a trial or finalizing the pleading process. The trial date is August 22, 2022, and Mr. Natera's plea deadline is today, Aug. 1st, 2022, the exact date in which we had our first meeting in person with Mr. Natera.

On June 10, 2022, the undersigned attorney filed a motion requesting order for the US Marshalls to bring Mr. Natera back to the jurisdiction.  The court denied the motion, stating that the US Marshalls would bring Mr. Natera back to the jurisdiction with enough time to prepare for the suppression or finalize negotiations, whichever alternative Mr. Natera chose.

This court received information that Mr. Natera would arrive on or around June 24, 2022, the trial date was continued until August 22, 2022.  During the last status conference someone informed the court that a new procedure was in place, that defendants get tested before arriving at MDC and that minimized the

time they spent on quarantine.  As such, as per this court and the undersigned, once Mr. Natera arrived, we would be able to get straight to work and be ready for today's deadline.  However, Mr. Natera arrived on or around July 22, 2022, to MDC Guaynabo, he was placed on quarantine until today, and the only contact we had was over the phone.  Needless to say, that divulging video recordings and other materials over the phone is not viable.

As of July 11, 2022, the court's order was the following:

| 07/11/2022 | 1973 | ORDER as to Vladimir Natera-Abreu (2): The record shows that a formal request for the U.S. Marshals Service to transfer defendant to the jurisdiction was made in early June 2022 because his suppression hearing was scheduled for 7/6/2022. Docket No. 1866. However, because defendant has yet to arrive to the jurisdiction, the suppression hearing had to be vacated the day before. Docket No. 1954. The Court has been extremely deferential to the U.S. Marshals Service, considering the logistics involved in transferring inmates from one institution to another. However, the U.S. Marshals Service shall ensure that defendant be present in Puerto Rico on or before 07/18/2022. Absent extraordinary circumstances, no further delays will be tolerated. The Court expects defendant's attorney to meet with him once he arrives to the jurisdiction in order to inform the Court by **08/01/2022** if her client: (1) will file a change of plea motion; (2) will move to reschedule the suppression hearing that was recently vacated, see Docket No. 1954; or (3) will stand trial. **If defendant opts to file a change of plea motion, he must file the same by 8/2/2022. The jury trial remains set for 8/22/2022.** Signed by Judge Silvia L. Carreno-Coll on 7/11/2022. (mcv) (Entered: 07/11/2022) |

Various issues came forth that did not coincide with the court's order. Mr. Natera arrived after July 18, 2022, he arrived to be placed on quarantine by the BOP and only today were we able to meet in person, although the undersigned attempted to see him since Sunday, to advance and try to comply with the court's deadline.

Imposing this deadline on Mr. Natera is beyond unfair since none of the delays were caused by him or his attorney. The undersigned has written dozens of emails throughout the past 20 months to try to have Mr. Natera gain access to his discovery and review it independently. He was placed in an institution plagued by scandal and grossly short-staffed, and so he was never able to have the benefit of getting acquainted, even independently with his discovery. The court advised that the undersigned was free to travel to USP Atlanta and meet with Mr. Natera, which we did for five days. We visited daily only to confront obstacles that narrowed our time with him to two hours at most. (Due to lack of staff to supervise the visit). Upon returning the undersigned caught Covid 19, the last week of July 2021, and our physician had to prescribe oxygen and lifesaving treatment, which kept us out of commission for a month and a half.

Truly, this court should take notice that asking Mr. Natera to decide today, puts him at a great disadvantage as compared to other defendants who have been within the jurisdiction or in institutions better staffed and equipped to provide effective attorney-client communication.

Thus, we are requesting the court continue trial for an additional 30 days to finalize negotiations and inform whether Mr. Natera will file for a change of plea or proceed to trial. We understand that there are other defendants waiting to change their plea and are unable to do so on account of Mr. Natera's delay, this request for time will be considered the final one on our account, and if the undersigned has to stop work on all other cases to finalize this one we commit to the court in doing so.

**We respectfully** request the Court take notice of the information herein and note that Mr. Natera's non-compliance with the deadline is for reasons he cannot control, and request an additional 30 days from today to finalize negotiations and or inform the court that Mr. Natera will be exercising his right to a trial.

**I HEREBY CERTIFY that a true and exact copy of this document has been filed through the Court's ECF/ECM which will send notification of this filing to all parties of record.**

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 1st day of August 2022.

S/ ***Jennie Mariel Espada***, **ESQ.**
USDC 225003
PO BOX 13811,
SJ, PR, 00908
787-758-1999/787-633-7199
*espada.esquire@gmail.com*